## J. H. NEIL CREAMERY CO. v. UNITED STATES.

### No. J–541.

Court of Claims.

Nov. 2, 1931.

in time. It follows that plaintiff's petition must be dismissed, and it is so ordered.

## ARMY AND NAVY CLUB OF AMERICA v. UNITED STATES.

### No. L–495.

Court of Claims.
Nov. 2, 1931.

Raymond M. Hudson, of Washington, D. C. (George W. Peterson, of St. Paul, Minn., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

### PER CURIAM.

The evidence shows that the collector of internal revenue seized a quantity of butter belonging to plaintiff, claiming that it was adulterated under Regulations 9, defining the term adulterated butter as contained in the Act of May 9, 1902. This regulation fixed the standard of moisture for butter, and held that butter having a moisture content in excess thereof was adulterated.

In Lynch v. Tilden Produce Co., 265 U. S. 315, 44 S. Ct. 488, 68 L. Ed. 1034, the Supreme Court held that the law conferred upon the Treasury no authority to make such a regulation. In order to obtain a release of the butter from the seizure, plaintiff was obliged to pay a tax of $1,098 which had been assessed against the plaintiff on the ground that the butter was adulterated under the terms of the said regulation. As the regulation was void, the tax was wrongfully collected. No written claim for refund was filed herein until more than five years after the payment of the tax. In fact, the evidence fails to show that any kind of a demand or request was made for the payment or refund of the particular tax in suit until more than five years had elapsed after the payment thereof. Under the law and the Treasury regulations, it is clear that plaintiff's claim is barred, for the reason that it was not filed