107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph F. CRUZ, Jr., Defendant-Appellant.
 No. 96-10101.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1997.*
Decided Feb. 27, 1997.
 
 Before: CHIEF JUDGE HUG, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In exchange for Cruz's guilty plea and agreement to cooperate with the government, the government agreed that if Cruz provided "full, truthful, and substantial assistance" to the government, it would file a motion for a downward departure, pursuant to USSG § 5K1.1[1] and 18 U.S.C. § 3553(e).[2] Three weeks before the sentencing hearing, the government filed a motion for a downward departure. In this motion, the government stated Cruz had not been truthful, had flunked his polygraph exam, and had not provided full cooperation. The government stated it was making the motion anyway to let the court determine whether Cruz was entitled to a downward departure.
 
 
 3
 At the sentencing hearing, Cruz's attorney expressed surprise by the government's position with regard to Cruz's cooperation. The district court denied Cruz's attorney's motion for a continuance to respond to the government's assertions of noncooperation, refused to depart downward, and sentenced Cruz to 120 months in prison.
 
 
 4
 In this appeal, Cruz contends he was denied due process at sentencing and that he received ineffective assistance of counsel.
 
 
 5
 Although Cruz breaks down his due process argument into various subparts, the gist of the argument is that he and his attorney were caught by surprise when the government took the position that Cruz had not fully cooperated, and he was denied a hearing when the district court refused to grant him a continuance to enable him to present evidence of his cooperation. Cruz contends he fully cooperated, and the government breached the plea agreement by its assertions to the contrary.
 
 
 6
 The government acknowledges Cruz should have an opportunity to rebut the government's assertions of noncooperation, and that we should remand for a new sentencing hearing.
 
 
 7
 Accordingly, we vacate Cruz's sentence and remand this case to the district court with instructions to hold a new sentencing hearing and consider the merits of the parties' respective contentions regarding the extent of Cruz's cooperation under the plea agreement. Granting Cruz a new sentencing hearing moots his due process arguments.
 
 
 8
 With regard to Cruz's contention that he received ineffective assistance of counsel, those concerns may also be resolved by the new sentencing hearing.
 
 
 9
 We reject Cruz's request to remand for resentencing before a different judge. Remand to a different judge is warranted only in rare circumstances. United States v. Huckins, 53 F.2d 276, 280 (9th Cir.1994). Three criteria must be considered: (1) "whether the original judge could reasonably be expected to put out of his mind previously expressed views or findings that were subsequently found to be erroneous; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste or duplication of effort out of proportion to the gain realized in preserving the appearance of fairness." Id. Based on our review of the record, we conclude reassignment is not necessary.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 5K1.1 provides, in pertinent part:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 [2]
 Section 3553(e) provides, in pertinent part:
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.